UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x

BOBBY WEST,

                    Plaintiff,          **MEMORANDUM & ORDER**
                                         1:21-CV-00770(EK)

          -against-

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

-----------------------------------x
ERIC KOMITEE, United States District Judge:

          Plaintiff Bobby West challenges the Social Security
Administration's March 2019 decision regarding his claim for
disability insurance benefits.  Before the Court is the
Commissioner's motion to dismiss, or, in the alternative, motion
for judgment on the pleadings.  For the following reasons, the
Commissioner's motion to dismiss is granted.

## I.  Background

### A.  Procedural Background

          West has filed four separate applications before the
SSA.  This appeal comes from the decision on the last of those.
The administrative law judge below issued what the Commissioner
calls a fully favorable decision in response to West's February
2017 application, finding him disabled and awarding benefits.
Nevertheless, West challenges two aspects of that ruling: (1)
the commencement date of the benefits awarded, and (2) the

denial of West's request to reopen his prior applications. Compl. ¶¶ 13, 15.

ALJ Michelle Allen's decision granted West benefits retroactive to March 2017 — the month following West's final application — pursuant to 20 C.F.R. § 416.335.  *Id.* ¶ 12.  She declined, however, to revisit West's three prior actions before the Social Security Administration.  Mot. To Dismiss, Ex. 2 ("ALJ Decision") at 9.  Those applications — in October 2012, January 2015, and December 2015 — all culminated in the denial of benefits.  Compl. ¶¶ 6-8.

West did not appeal his first two denials, electing instead to file new applications.  This rendered those decisions final.  *Id.*  Following the denial of his February 2015 application, however, West contacted the Social Security Administration ("SSA").  Attn'y Aff. of Eugenie Gilmore ("Gilmore Aff") ¶ 6, ECF No. 14-1.  This contact led West to submit a Request for Reconsideration, rather than an appeal. West alleges that the SSA then lost this request.  *Id.* ¶ 8. Although West's counsel submitted a Request for a Hearing, along with a letter requesting a late appeal for good cause shown, *id.* ¶ 9; Mem. of Law in Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n"), Ex. 2 at 10-13, ECF No. 14-2, no hearing was held until 2018, following the subsequent (and final) application.

West ultimately filed that fourth application in February 2017, Compl. ¶ 10, asserting a disability onset date of November 2001. *Id.* ¶ 5.[1] On December 12, 2018, ALJ Allen held a hearing on the 2017 claim. *Id.* She concluded that West was indeed disabled, but as noted above, she granted benefits retroactive only to March 2017 despite West's request for benefits dating back to 2001. *Id.* ¶ 12; Def.'s Mot. to Dismiss, Ex. 1 ("ALJ Decision") 9, ECF No. 13-2.

The Appeals Council denied West's request for review of the ALJ's decision, rendering it final. Compl. ¶ 14. Although West did not timely seek review of that decision in this Court, the Appeals Council granted him additional time to file, and this action was commenced within the extended window. *Id.* ¶ 16; Compl. Ex. 1, ECF No. 1-1.

The Commissioner has moved to dismiss this appeal on the ground that neither the commencement date of benefits nor the decision not to reopen prior applications is reviewable. Def.'s Mot. to Dismiss (citing *Heller v. Commissioner of Social Security*, 328 Fed. Appx. 74, 75 (2d Cir. 2009); 20 C.F.R. § 416.1403(a)(5)). West, however, argues that I can re-examine these decisions because in reviewing medical evidence from 2015,

---

[1] It is worth noting that West's list of disabling medical conditions differs somewhat between his applications, though certain conditions such as a broken femur, bipolar disorder, and diabetes are consistent. *See* Tr. 196, 617.

ALJ Allen "constructively" reopened his prior applications.
Pl.'s Opp'n at 2-4.  Further, he argues that the SSA denied him
due process when it mishandled his prior attempt to appeal the
denial of his third application in or about August 2016.  *Id.* at
4.

**B.   The ALJ's Disability Evaluation**

In her March 2019 decision, ALJ Allen found that West
had several severe impairments, including diabetes, bipolar
disorder, impairments from a previously broken femur, liver
impairment, substance abuse disorder, diabetic retinopathy,
lumbar radiculopathy, and obesity.  ALJ Decision 4.  In making
these findings, she cited medical evidence from time periods
prior to West's December 11, 2015 application, including a
"videonystagmography in February 2015," "[l]aboratory tests
from April through September 2015," a "[t]reatment note from
August 2008," [e]xaminations from February 2015 through April
2015," a "laboratory test from September 2015," a "magnetic
resonance imaging of the lumbar spine in March 2015," an
"electrodiagnostic study in April 2015," an "examination in July
2015," an "x-ray in July 2015," "outpatient treatment in July
2015," "[t]reatment notes from July 2015," and reports from
emergency room visits in April 2015 and June 2015.  *Id.* at 5-7.
The decision also cites several times to evidence from 2017.
*Id.*

4

Ultimately, the ALJ held that West had been disabled since February 28, 2017, the date of his last application. *Id.* at 9. The decision expressed no opinion about whether West was disabled before this date, but explained that social security benefits do not become payable until the month after the month in which the application at issue was filed. *Id.* (citing 20 C.F.R. § 416.335). The ALJ explicitly found no basis to reopen any prior application. *Id.* at 25.

## II.  Standard of Review

The Commissioner moves to dismiss pursuant to Rule 12(b)(1), arguing that this court lacks jurisdiction to consider this appeal because the "fully favorable" ALJ Decision is not reviewable. Def.'s Mot. to Dismiss 1-2, ECF No. 13-1 ("Def.'s Mot."). In support of this contention, the agency relies on the regulation dictating that SSI benefits are not payable for any period prior to the month after the application is filed.[2] Furthermore, the agency contends, its denial of West's request to reopen his prior applications is discretionary, and not subject to judicial review. *Id.* at 1 (citing 42 U.S.C. §§ 405(g), 1383(c)). In the alternative, the Commissioner moves for judgment on the pleadings pursuant to Rule 12(c). *Id.*[3]

---

[2] *See id.* (citing 20 C.F.R. § 416.335).

[3] At the time the Commissioner's motion was filed, the motion for judgment on the pleadings was not ripe, as the Commissioner had not filed an

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). This power is defined and constrained by Article III, which "restricts federal courts to the resolution of cases and controversies" and "requires that the party invoking federal jurisdiction have standing." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 732 (2008). A district court's jurisdiction over social security appeals is additionally governed by 42 U.S.C. § 405(g), which provides that "[a]ny individual, after any final decision of the Secretary made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days."

When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a court must "accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Bohnak v. Marsh & McLennan Companies, Inc.*, 79 F.4th 276, 283 (2d Cir. 2023); *Nat. Res. Def. Council v. Johnson*, 461 F.3d 164,

---

answer or submitted the administrative transcript pursuant to 42 U.S.C. § 405(g), so the pleadings were not closed. *See* Fed. R. Civ. P. 12(c); *Healthcare Ass'n of N.Y.S. v. Pataki*, 471 F.3d 87, 93 (2d Cir. 2006). However, the Commissioner has since filed the administrative record, ECF Nos. 16, 19, allowing for review of the motion for judgment on the pleadings. However, because the motion includes arguments only under Rule 12(b)(1), this order is assessed under that standard.

171 (2d Cir. 2006).  Further, "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings."  *Makarova*, 201 F.3d at 113.

### III.  Discussion

**A.**   **West Has Not Sufficiently Alleged a Reason to Review the Commissioner's Decision Not to Reopen his Prior Applications**

Despite the ultimate finding of disability in ALJ Allen's opinion, West is seeking to extend the retroactive benefits granted to him to an earlier date.  Generally, a district court has jurisdiction to review the final judgment of the Commissioner denying an application for Social Security disability benefits.  42 U.S.C. § 405(g).  However, "fully favorable" determinations cannot, generally speaking, be appealed: "judicial review over Social Security determinations pursuant to 42 U.S.C. § 405(g) makes no provision for judicial review of a determination favorable to the complainant."  *Heller v. Comm'r of Soc. Sec.*, 328 F. App'x 74, 75 (2d Cir. 2009).[4]

The ALJ's decision in this case was favorable, despite West's assertion that it did not provide benefits back to the date West sought, as it provided benefits to the full extent

---

[4] The modest carve-out to this rule, reserved for named plaintiffs in class actions, in inapposite here.  *See Jones v. Califano*, 576 F.2d 12, 18 (2d Cir. 1978); *Wheeler v. Heckler*, 19 F.2d 595, 600 (2d Cir. 1983).

permitted by the regulations.  Under 20 C.F.R. § 416.335,
benefits may be paid beginning in the month following the month
in which the application was filed.  Thus, in reviewing a
decision on an application filed in February 2017, the SSA was
restrained by the Code of Federal Regulations from granting
benefits any earlier than March 2017, absent a reopening of a
prior application.

    Relatedly, an agency's decision not to reopen prior
claims for social security benefits is generally not reviewable
by a district court.  *Califano v. Sanders*, 430 U.S. 99, 107-08
(1977).  "Nevertheless, federal courts may review the
Commissioner's decision not to reopen a disability application
in two circumstances: where the Commissioner has constructively
reopened the case and where the claimant has been denied due
process."  *Byam v. Barnhart*, 336 F.3d 172, 180 (2d Cir. 2003).
Thus, because West is requesting an extension of his benefits
primarily through the mechanism of reopening his prior
applications, this court may review the decision below if either
of these criteria are satisfied.

### 1. West's Allegations Do Not Support a Finding of Constructive Reopening

    First, West argues that in reviewing evidence from
2015 and earlier, the Commissioner constructively reopened his
prior applications.  Pl.'s Opp'n 2-4.  "If the Commissioner

reviews the *entire record* and renders a decision on the merits, the earlier decision will be deemed to have been reopened," rendering the claim subject to judicial review. *Byam*, 336 F.3d at 180 (emphasis added). West has not satisfied this standard.

West's argument on this point implicates only his third SSI application, not his first or second. Aside from a single mention of a "[t]reatment note from 2008," ALJ Decision 5, ALJ Allen cited no evidence predating West's October 2012 or January 2015 applications. Therefore, the ALJ cannot be said to have rendered a decision on the merits of those applications or constructively reopened them. The decision not to reopen these decisions is thus not reviewable.

By contrast, the ALJ did cite several items from the period prior to West's December 2015 application. *See* ALJ Decision 5-7. Still, she stated explicitly that she was not reopening the prior decisions. Administrative Tr. ("Tr.") 25 ("The undersigned does not find a basis to reopen any prior Title 16 application."). Applying the doctrine of constructive reopening, I agree that she did not do so.

District courts in this Circuit have read the doctrine of constructive reopening narrowly. In doing so, they have

> repeatedly rejected the argument that the doctrine
> sweeps so broadly . . . that a prior application is
> constructively reopened simply because, in
> adjudicating a later application, the ALJ had
> considered evidence from the earlier period to

9

> establish a plaintiff's medical history or background
> but did not assess the merits of the earlier
> application.

*Cassandra S. v. Kijakazi*, No. 22-CV-328, 2023 WL 2867068, at *17

(D. Conn. Jan. 30, 2023).

The seminal case in this setting may be *Hussain v.

Commissioner of Social Security*, No. 13-CV-3691, 2014 WL 4230585

at *12 (S.D.N.Y. Aug. 27, 2014), *report and recommendation

adopted,* No. 13-CV-3691, 2014 WL 5089583 (S.D.N.Y. Sept. 25,

2014). There, Magistrate Judge Gorenstein noted that ALJs

"regularly review prior evidence for the purpose of considering

an open application, as such evidence is often relevant to the

claimant's medical condition for the period in which benefits

are claimed*." Id.* Accordingly, "a court should not infer that

an ALJ considered the merits of a prior application simply

because the ALJ reviewed medical evidence dating from the prior

application period*." Id.; see also Saxon v. Astrue*, 781 F.

Supp. 2d 92, 99 (N.D.N.Y. 2011) ("A matter is not constructively

reopened when the ALJ merely discusses prior proceedings and

evidence to describe a claimant's background."); *Grant v.

Shalala*, No. 93-CV-0124, 1995 WL 322589, at *7 (W.D.N.Y. Mar.

13, 1995) ("[T]here is no reopening of an application where the

ALJ discusses prior proceedings and evidence only to describe a

claimant's background, and not to review the merits of the prior

application.").

10

Instead, *Hussain* counseled, courts should be mindful of the *purpose* underpinning the constructive reopening doctrine. That is "the notion that" in reviewing the merits of an out-of-period decision, "the agency has waived its right to assert *res judicata* as a bar to the reconsideration of a previously-denied application." *Hussain*, 2014 WL 4230585 *11 (citing *Byam*, 336 F.3d at 180, and other cases).  In that light, *Hussain* stated, waiver occurs "where the ALJ reconsiders the merits of the prior application *as if the prior adverse determination were not binding* on the claimant."  *Id.* (emphasis added).

That is not what happened here.  As the administrative record reveals, every reference to evidence predating December 2015 discussed material *submitted by West* as part of the 2017 application.  *See* Tr. 268-404, 412-77.  ALJ Allen marshaled these records in aid of her decision on the 2017 application, without referencing or reconsidering any earlier application. ALJ Decision 5-7.  In context, it was logical that she do so: the history and development of a claimant's medical conditions are often relevant to an assessment of current disability.  *See Hussain*, 2014 WL 4230585 at *12.  The ALJ certainly did not review the "entire record" of the prior denials, as *Byam* contemplated.  336 F.3d at 180.  And she did not address the "merits of the earlier application[s] themselves," per *Cassandra S.*, 2023 WL 2867068, at *17, nor proceed as if the prior adverse

determinations were not binding on West.  *Hussain*, 2014 WL
4230585 *11.  Therefore, the references to evidence from 2015
and earlier cannot be said to have constructively reopened the
agency's earlier dispositions.

### 2. West's Due Process Claim Does Not Render The ALJ's Decision Not to Reopen His 2015 Application Reviewable

West also argues that his due process rights were
violated when (i) a representative of the Social Security
Administration allegedly told him (incorrectly) that he could
appeal the denial of his December 2015 decision using a Request
for Reconsideration form; (ii) the Administration sent him that
form; and (iii) the SSA then lost the Request for
Reconsideration that he submitted, delaying his appeal and
ultimately requiring him to submit a new application.  Pl.'s
Opp. 7.

A claim for Social Security benefits triggers
constitutional due process protections.  *Mathews v. Eldridge*,
424 U.S. 319, 322-22 (1976).  These protections "require[] that
the Secretary give claimants notice reasonably calculated to
apprise them of the pendency of action which may permanently
affect their rights, and an opportunity to present their
objections to that action."  *Rooney v. Shalala*, 879 F. Supp.
252, 255 (E.D.N.Y. 1995).  In reviewing a decision not to reopen
a prior application, the central question relating to due

process is "whether [the claimant] was impaired in [his] ability to understand and pursue administrative and legal procedures." *Byam*, 336 F.3d at 183.  If the answer to this question is yes, the decision not to reopen becomes judicially reviewable.  *Id.*

Such impairments have been found when a claimant's cognitive limitations prevent them from either understanding or acting upon instructions from the Social Security Administration to appeal a decision.  *Id.*  Similarly, denial notices and notices of reconsideration that inadequately explain the consequences of failing to request a hearing following an unfavorable decision have been found to violate due process. *Rooney*, 879 F. Supp. 252; *See also Gonzalez v. Sullivan,* 914 F.2d 1197 (9th Cir. 1990); *Day v. Shalala*, 23 F.3d 1052 (6th Cir. 1994).

Here, however, West has alleged no cognitive impairments that would prevent him from grasping the consequences of failing to appeal his decision.  Further, the denial notice of his February 2015 application clearly laid out the consequences of failing to pursue an appeal, stating: "If you disagree with this decision and you file a new application instead of appealing, you might lose some benefits, or not qualify for any benefits. So, if you disagree with this decision, you should ask for an appeal within 60 days."  Tr. 601-602.  Finally, West does not explain why the Request for

13

Reconsideration form was incorrect, as 20 C.F.R. § 416.1407 establishes that "[r]econsideration is the first step in the administrative review process that we provide if you are dissatisfied with the initial determination. If you are dissatisfied with our reconsideration determination, you may request a hearing before an administrative law judge."

Further, courts in this Circuit have determined that receiving incorrect assistance from the Social Security Administration may not be sufficient to establish a due process violation, even when this misinformation causes a claimant to file a new application instead of an appeal. *See, e.g., Stellacci v. Barnhart*, No. 02-CV-8875, 2003 WL 22801554 (S.D.N.Y. Nov. 24, 2003). As in *Stellacci*, the denial notice of West's 2015 application explained that filing a new application, as opposed to an appeal, may result in the loss of benefits. *See Id.* at *4; Tr. 601-02. Therefore, West's allegations of inadequate assistance from the Social Security Administration during his effort to appeal do not rise to the level of a due process violation.

* * *

West has not established a constructive reopening nor a due process violation. Consequently, the ALJ's decision not to reopen his prior applications is not reviewable.

14

## IV.  Conclusion

For the foregoing reasons, the Commissioner's motion is granted, and the clerk of court is respectfully directed to close the case.

SO ORDERED.


_/s/ Eric Komitee_
ERIC KOMITEE
United States District Judge


Dated:     April 15, 2024
           Brooklyn, New York

15